IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| TRAVIS L. PERRY ) | |
| ) | |
|     Plaintiff, ) | |
| ) | NO: |
| v. ) | |
| ) | JURY DEMAND |
| JAMES PEST MANAGEMENT, INC. ) | |
| ) | |
|     Defendant. ) | |

# COMPLAINT

This is a clear case of racial discrimination and retaliation moved by Plaintiff Travis L. Perry ("Plaintiff" or "Mr. Perry") against Defendant James Pest Management, Inc. ("Defendant" or "JPM").

## PARTIES

1. Mr. Perry is a citizen and resident of Shelby County who resides in the State of Tennessee.

2. James Pest Management, Inc. is a pest management corporation whose principal office is in Shelby County, Tennessee. JPM may be served process at its Registered Agent: Lanier James 4246 Outland Rd. Memphis, TN 38118.

## JURISDICTION, VENUE, AND STATUTORY BASIS OF COMPLAINT

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper under 28 U.S.C. § 1391.

5. This is an action for substantial punitive damages for flagrant and malicious discrimination and retaliation, as well as all economic, compensatory, declaratory equitable, and

injunctive relief available under 42 U.S.C. §1981 ("Section 1981") and the Tennessee Human Rights Act, Tenn. Code Ann. §4-21-101, et seq. ("THRA").

6. Plaintiff plans to file a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). To date, Plaintiff has not yet been issued his Notice of Suit Rights by the EEOC. Plaintiff reserves the right to amend this Complaint to assert violations of the Title VII of the Civil Rights Act of 1964 ("Title VII") upon administrative exhaustion.

## FACTS

7. Mr. Perry is an African American (black) male.

8. Mr. Perry worked as a Termite Technician in the Memphis branch of James Pest Management.

9. William "Bill" Cockrell is a Caucasian (white) male who Defendant assigned Mr. Perry to shadow and receive training as an employee of James Pest Management. Mr. Cockrell had authority over the training, supervision, and other conditions of Plaintiff's employment.

10. During a November 3, 2022 discussion between Plaintiff and Mr. Cockrell, Mr. Cockrell began making observations of rap music and use of the word "Nigger."

11. During the discussion, Mr. Cockrell stated that: "Everyone today says you can't use the N-word. Well, every other word in these rap songs is Nigger this, and Nigger that."

12. Mr. Perry was startled and found Mr. Cockrell's open use of the word "Nigger" during a discussion to be offensive, insensitive, and inappropriate workplace language.

13. Nevertheless, Mr. Perry did not respond aggressively to Mr. Cockrell or escalate the situation to physical conflict between himself and Mr. Cockrell during the discussion.

14. Instead, Mr. Perry decided that he would report Mr. Cockrell's use of the word "Nigger" to Human Resources to have them address the situation professionally.

15. At 1:15 p.m. on November 3, 2022, Plaintiff delivered a text message to Human Resources Representative MaryJo Montey. Plaintiff's message identified the comments made by Mr. Cockrell during the discussion described in Paragraph 11. Plaintiff informed Ms. Montey: "This is unacceptable and I honestly don't feel comfortable being in the same space with him because I'm trying to hold back my anger!" Plaintiff asked Ms. Montey, "Can you please have him [Mr. Cockrell] drop me off at the shop or have someone come and pick me up the next call? Say whatever you need to say to get me away from this guy."

16. MaryJo Montey responded by stating via text: "OMG, I'm sorry I'm just seeing this … I will get with Mr. James now and get back to you in a few minutes."

17. The owner of Defendant James Pest Management is Lanier James. His son, Shane James, is also a member of management/ownership at James Pest Management. Lanier and Shane James are both Caucasian (white) males.

18. On November 3, 2022, Montey requested than an employee named "Rick" retrieve Mr. Perry from his location and bring him back to the home office.

19. Plaintiff met with Lanier and Shane James to discuss his complaint concerning Mr. Cockrell upon returning to the JPM facility on November 3, 2022.

20. During the discussion, Plaintiff alerted Lanier James that Mr. Cockrell stated, "… I just don't really understand all this … We're all told we are not supposed to use 'The N-Word' but in these rap lyrics every other word is Nigger this, Nigger that." In response, Lanier James stated, "Well, its true." Plaintiff emphatically responded that the word "Nigger" is a racial slur and stated that the word should not be used around him. Plaintiff told Mr. Lanier, "That is not okay. I'm Black and I don't use that word."

21. Owner Lanier James proceeded to defend the comments of Mr. Cockrell, stating that it was not his intent to offend Plaintiff despite having no discussions with Mr. Cockrell or conducting any investigation of the allegations.

22. Lanier and Shane James targeted Mr. Perry with hostile and antagonistic comments regarding his complaint against Mr. Cockrell. The comments and demeanor of Lanier and Shane James made it clear that Plaintiff's job was in jeopardy for reporting the offensive racial comments by Mr. Cockrell.

23. Lanier James told Plaintiff, "How do I know that you won't walk off a job?" and asked "Would you have walked off a job where a customer said that?" Plaintiff responded that he would contact leadership, just as he did in this situation.

24. Lanier James also stated, "If you're sensitive to that word, I really have a great deal of sympathy for you. I really do. I wish you were born white, but you weren't. You were born black." Plaintiff was also facetiously told: "You might want to do some things to overcome your sensitivity".

25. Owner Lanier James also began targeting Plaintiff with allegations – claiming that if Plaintiff cannot overcome his "total sensitivity" that Plaintiff it would be a problem if he heard customers or other employees say the word "Nigger" in future workplace situations – despite the fact that Plaintiff did not respond aggressively or physically confrontational to Mr. Cockrell in this situation.

26. Plaintiff repeatedly reiterated that he would not respond aggressively to the word to customers or employees if he heard the word "Nigger" in other workplace circumstances or walk off the job, while stating that he was simply alerting leadership that he was offended by the

statements made by Mr. Cockrell in this situation on November 3, 2022. Plaintiff repeatedly stated that he was not calling for Mr. Cockrell's job, but he wanted to formally report the issue to JPM.

27. Shane and Lanier James both criticized Plaintiff for taking the issue to Human Resources and Ownership/Management and wasting time on the discussing the issue during "a work time period."

28. Mr. Lanier James made several biased and insensitive statements towards Mr. Perry in this meeting, including but not limited to: "Should have just said [to Mr. Cockrell], I don't appreciate that word and that would have been the end of it."; "If you're sensitive to that word, I really have a great deal of sympathy for you. I really do. I wish you were born white, but you weren't. You were born black."; "Does it [n-word] offend me. Nope, and do I think people should use it or not use it, I can't be the judge."; as well as "You might want to do some things to overcome your sensitivity".

29. Additionally, Lanier James and Shane James made it abundantly clear that Mr. Perry's job was in jeopardy due to his discrimination complaint and that they were "wasting time" discussing the matter during this meeting.

30. The meeting ended with the termination of Mr. Perry for reporting Mr. Cockrell's statement to Human Resources and leadership.

31. Any asserted reason(s) for Plaintiff's termination are false and a pretext for discrimination and retaliation.

32. Defendant's actions were willful, malicious, and committed with reckless indifference to Plaintiff's right to voice opposition to workplace discrimination, harassment, and intimidation on the basis of race.

33. JPM's actions have caused Plaintiff to suffer emotional, financial, and mental harm for which this lawsuit attempts to remedy.

## CLAIMS AND CAUSES OF ACTION

### Discrimination and Retaliation – THRA & Section 1981:

34. Plaintiff incorporates by reference all the preceding paragraphs in this Complaint.

35. Plaintiff contends that Defendant discriminated against him in the terms and conditions of his employment on the basis of race in violation of the THRA, and Section 1981.

36. Plaintiff voiced opposition to the discrimination, harassment, and hostile work environment at James Pest Management on November 3, 2022.

37. JPM responded to Plaintiff's protected conduct with increased hostility and disdain, and additional acts of intimidation, discrimination, harassment and termination.

38. JPM's actions were committed with reckless disregard to Plaintiff's right to be free from retaliatory treatment in response to voicing opposition to discriminatory employment practices. Accordingly, JPM deprived Plaintiff of equal employment opportunities, benefits, and terms and conditions of employment.

39. Plaintiff has suffered, and continues to suffer, monetary and nonmonetary damages that this lawsuit seeks to remedy.

40. Plaintiff is entitled to an award of back pay and benefits, compensatory and other damages, injunctive relief, attorneys' fees and costs, and all other appropriate damages, remedies, and other relief available under the THRA and Section 1981.

### Reservation of Rights to Include Federal Claims of Discrimination and Retaliation Violations of Title VII of the Civil Rights Act of 1964

Mr. Perry incorporates all paragraphs above as if set forth in each count below:

41. Based on the conduct described in this Complaint, Defendant is liable for its violations of Title VII of the Civil Rights Act as amended.

42. Defendant's termination of Mr. Bailey was on the basis of race.

43. Based on the conduct described in this Complaint, Defendant is liable for its violations of Title VII.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that:

1. Process issue against the Defendant, requiring it to answer within the time period specific by applicable law;

2. That after the discovery process, this case be heard on its merits;

3. With respect to Plaintiff's claims, Plaintiff prays that the Court enter a judgment:

   a. Declaring that the acts and practices complained of herein are in violation of the aforementioned laws;

   b. Enjoining and permanently restraining these violations of aforementioned laws;

   c. Directing Defendant to take affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff, or those similarly situated to Plaintiff, in employment opportunities;

   d. Awarding Plaintiff a full award of back pay damages in amounts to be determined by the jury;

   e. Awarding Plaintiff a substantial amount of front pay damages or reinstatement;

f. Directing Defendant to pay Plaintiff compensatory and punitive damages in an amount to be determined at trial, but to cumulatively exceed $750,000.00;

g. Awarding Plaintiff the costs reasonable attorneys' fees, as provided by the applicable statutes;

h. That the Court award any declaratory and/or injunctive relief that may be available; and

i. Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

/s Brian C. Winfrey
Brian C. Winfrey, Esq. (BPR 025766)
THE WINFREY FIRM/
Morgan & Morgan, P.A.
2021 Richard Jones Rd. Ste 310A
Nashville, TN 37215
brian@thewinfreyfirm.com